AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Western District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Gustavo Alejandro JURADO-Leon and<br>Mayra Selene CARBAJAL-Herrera<br><br>*Defendant(s)* | Case No.  SF<br><br>3:19-mj-8577-MAT (1+2) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __09/19/2019__ in the county of __Hudspeth__ in the __Western__ District of __Texas__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 8 U.S.C § 1324 (a)(1)(A)(ii) and (a)(1)(A)(v) | Conspiracy to knowing and in reckless disregard of the fact that an alien has come to, entered, and remained in the United States in violation of law, did transport, move, and attempt to transport and move such alien within the United States in furtherance of said violation of law. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Juan A. Ortiz, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __09/23/2019__

_____
*Judge's signature*

City and state: __El Paso, Texas__

Miguel Torres - U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

On September 19, 2019, at approximately 1:45 p.m., U.S. Border Patrol Agents (BPAs) assigned to the Sierra Blanca, Texas, U.S. Border Patrol Station (USBP) conducted an immigration inspection of a white 2009 Chevy Suburban bearing Texas temporary plates of 46078G1. The BPAs noted the vehicle was occupied by eight (8) individuals. The BPAs identified themselves and began to question each occupant as to their citizenship and immigration status. The BPAs questioned and identified the driver as Gustavo JURADO-Leon (JURADO) and front passenger as Mayra Selene CARBAJAL-Herrera (CARBAJAL), who both stated they were United States citizens.

The BPAs proceeded to question the six (6) other passengers and noticed they all appeared nervous and avoiding eye contact. The BPAs asked one the passengers where she was born and if she had an identification. The BPAs noted the passenger answered she was from El Paso and denied having an identification. The BPAs asked additional questions about El Paso and the subject remained silent and wouldn't answer. The BPAs asked another male passenger his citizenship and where he was born. The BPAs again noted the passenger remained silent and subsequently stated he was a U.S. citizen and was from El Paso. The BPAs then asked the passenger for an identification, at which point, the driver JURADO interrupted and stated that all the passengers were U.S. citizens and did not need to provide any form of identification. The BPAs requested JURADO'S driver license and referred him for secondary inspection.

In secondary inspection, all six (rear seat) passengers admitted to not having immigration documents to allow them to remain in the United States. The six passengers were citizens and nationals of Ecuador. All subjects were detained.

Homeland Security Investigation (HSI) Special Agents (SA) Juan Ortiz and SA Cesar Romero responded to the Border Patrol Station to initiate an investigation on the alien smuggling attempt.

SA Romero, SA Ortiz, and Border Patrol Agent Gabriel De La Cruz proceeded to conduct an interview of JURADO. JURADO was advised of his rights in the Spanish language by SA Romero and witnessed by SA Ortiz. JURADO stated he understood his rights. The agents then asked JURADO if he was willing provide a statement without the presence of an attorney. At which point, JURADO stated he didn't know what was going on, he was only doing a favor to the subjects who were stranded. The agents stopped JURADO and again asked him if he was willing provide a statement without the presence of an attorney. JURADO then stated he probably was going to be arrested anyway and wished to have an attorney.

SA Romero, SA Ortiz, and Border Patrol Agent Gabriel De La Cruz proceeded to conduct an interview of CARBAJAL. CARBAJAL was advised of her rights in the Spanish language by SA Romero and witnessed by SA Ortiz. CARBAJAL invoked her right to have an attorney present.

C.M.N. and C.R.U. who were apprehended during this event; are listed here by their initials and were retained as Material Witnesses. SA Romero, SA Ortiz, and Border Patrol Agent Gabriel De La Cruz proceeded to conduct an interview of C.M.N. and C.R.U. Both C.M.N. and C.R.U. admitted they paid a fee to an Alien Smuggling Organization (ASO) to be smuggled into the United States. C.M.N. and C.R.U. positively identified JURADO and CARBAJAL as the individuals who provided them food and new clothes at stash house, provided transportation and instructed them to stay calm and say they were U.S. citizens at the checkpoint. AUSA Phil Countrymen was presented with the facts and accepted prosecution of both JURADO and CARBAJAL for 8 USC 1324, Alien Smuggling.

I make this affidavit on the basis of my personal knowledge and information provided to me by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause as set forth herein, I have not included each and every fact known to me concerning this investigation.